IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   **CRIMINAL NO. LKG-26-046** |
| | * |
| **JAMES OTIS BROWN,** | * |
| | * |
| Defendant | * |
| | * |

\*\*\*\*\*\*\*

## GOVERNMENT'S DETENTION MEMORANDUM

The United States of America, by undersigned counsel, respectfully submits this memorandum in support detaining the Defendant, James Otis Brown, pending trial. For the reasons stated below and others that may be presented at the hearing, the government submits that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," and therefore pretrial detention is warranted. 18 U.S.C. §§3142 (e)(1), (f)(2).

I. **Background and Legal Framework**

On January 29, 2026, a federal grand jury for the District of Maryland, upon a finding of probable cause, returned an indictment charging the Defendant with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(A)(iii), (b)(1)(C) and Felon in Possession of a Firearm, in violation of 18 U.S.C 922(g)(1). ECF No. 1.

The government proffers that on or about August 26, 2025, the Defendant possessed distribution quantities of cocaine and crack cocaine, drug paraphernalia, and a Taurus firearm loaded with approximately 10 rounds of ammunition. The drugs were tested by a DEA lab, and the lab results show the Defendant possessed approximately 338.5 grams net weight of cocaine

1

base (crack cocaine) and approximately 464.7 grams net weight of cocaine hydrochloride (cocaine).

The Defendant's possession of this large quantity of narcotics and a loaded firearm was discovered when FBI Special Agents executed a federal search warrant in his residence in the early morning hours on or about August 26, 2025. When FBI special agents entered the residence, they observed the Defendant coming from the dining room area of the home and his significant other coming from the living room. On the dining room table was suspected crack cocaine (*See* Exhibit 1). Upon further search of the residence, agents located more suspected crack cocaine (*See* Exhibit 3), half a brick of suspected cocaine (*See* Exhibit 2), drug paraphernalia (*See* Exhibit 5), and a firearm loaded with approximately ten rounds of ammunition (*See* Exhibit 4)[1]. Subsequent lab results show that the drugs were in cocaine base and cocaine hydrochloride.



Exhibit 1: Dining room table with crack cocaine

---

[1] Another firearm and ammunition was located in the residence. This firearm was registered to the Defendant's significant other.



Exhibit 2: Approximately half a brick of Cocaine



Exhibit 3: Crack cocaine



Exhibit 4: Loaded Firearm



Exhibit 5: Drug paraphernalia

FBI Special Agents advised the Defendant of his Miranda Rights. The Defendant stated he understood his rights and agreed to speak to the special agents. When asked about the drugs and the gun in the residence, the Defendant told the special agents, "everything in here that is illegal is mine." The Defendant told the special agents that he snuck the drugs in the house the night before and had planned to remove it from the residence later that morning before his significant other woke up. The Defendant told the special agents he has a history of selling drugs in D.C. in the area of Knox Place and Harford Street.

The Defendant's conduct of being in possession of distribution levels of cocaine and a loaded firearm reinforces the need for detention but also underscores the danger he poses to the community, if released pretrial. *See* 18 U.S.C. § 3142(f)(1)(E).

## II.   Legal Standard

The Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156, provides that, in general, a court "shall order" a defendant's pretrial release unless the court determines that the defendant presents an unreasonable risk of flight or "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).  "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

Regarding risk of flight, the government must only prove "by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceeding." *Id*.  Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the

seriousness of the danger posed to any person, or the community, by the defendant's release, and (4) the weight of the evidence against the defendant. *See* 18 U.S.C. § 3142(g). When a defendant is charged with an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), there is a presumption, subject to rebuttal by the person, that there is no condition or combination of conditions that will reasonably assure the appearance of the person and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

      A.      Proceeding by Proffer

Under the Bail Reform Act, the government may proceed by proffer. *United States v. William*, 753 F. 2d 329, 331 (4th Cir. 1985) ("Evidentiary proffers are approved by 18 U.S.C. § 3142(f)"). Furthermore, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f).

### III. THERE IS A REBUTTABLE PRESUMPTION IN FAVOR OF DETENTION.

The Defendant is charged in Count One of the Indictment with Possession with Intent to Distribute Controlled Substances. The minimum term of imprisonment is 10 years and a maximum term of imprisonment of life. There is a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(A) that no conditions or combination of conditions can reasonably assure the appearance of the Defendant and the safety of any other person and the community if he is not detained pending trial.

## IV. THE DEFENDANT IS A DANGER TO THE COMMUNITY.

An order of detention should be entered for the Defendant as he is a danger to any person and to the community. There are no combination of conditions that would ensure the safety of any other person and the community. Therefore, the Defendant should be detained pending trial.

### A. Detention is Warranted Due to the nature and circumstances of the offenses charged.

The nature and circumstances of the offenses charged in this case are serious and support detention of the Defendant pending trial. The Defendant was in possession of distribution levels of cocaine and possessed a firearm while being prohibited. The Defendant told law enforcement that he has a history of selling drugs. The illegal distribution of narcotics, especially cocaine, has a multi-faceted negative effect on communities. It creates an increase in violent crime within the communities and places individuals who live in those communities in harm's way. Furthermore, oftentimes, individuals who engage in the illegal distribution of drugs engage in violent behavior which poses a risk to all individuals involved.

### B. The Weight of the Evidence Favors Detention

The weight of the evidence favors detention of the Defendant pending trial. FBI Special Agents observed the Defendant in the dining area of the residence where cocaine was located. There were drugs and a firearm located in various parts of the residence and the Defendant explained how the drugs got in the residence. The Defendant admitted to FBI special agents, "everything in here that is illegal is mine." The Defendant told the special agents that he snuck the drugs in the house the night before and had planned to remove it from the residence later that morning before his significant other woke up.

### C. Defendant's History and Characteristics Warrant Pretrial Detention

The Defendant has a history of drug distribution and firearm possession that warrant pretrial detention. In 2004, he was convicted of Assault with Intent to Kill. He also has convictions for Assault with a Deadly Weapon (gun) in 1990 and Assault with a Deadly Weapon in 1992. The Defendant has prior conviction for Unlawful Possession with intent to distribute 5 grams or more in 1993. The Defendant's recent conduct which resulted in the offenses that are the subject of the indictment against him demonstrates that he has not given up his criminal pursuits despite having prior criminal convictions and serving prison time.

### V. Conclusion

For the reasons set forth above, the government respectfully submits that no condition or combination of conditions will ensure the safety of the community and therefore requests that he be detained pending trial.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Dawn M. Williams
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was filed electronically through the Court Management/Electronic Filing System to the Clerk of the Court, and courtesy copies were sent electronically to the Court and defense counsel on the day of filing.


By: _____/s/_____
    Dawn M. Williams
    Assistant United States Attorney